UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA VOSS, THOMAS VOSS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:24-cv-01072-JPH-MKK ) |
| SMASH FRANCHISE PARTNERS, LLC, JUSTIN HASKIN, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiffs Rebecca and Thomas Voss entered into a franchise agreement with Defendant Smash Franchise Partners, LLC to operate a trash service, and later filed for arbitration claiming that Smash had made false representations in its financial disclosures. The Arbitrator found against the Vosses on their claims, and against Smash on its counterclaim. Now, the Vosses seek to vacate in part and confirm in part the arbitration award. Dkt. [28]. For the reasons below, that motion is **DENIED in part** and **GRANTED in part**, and the arbitration award is confirmed in its entirety.

I.
**Facts and Background**

In May 2020, the Vosses entered into a franchise agreement with Smash to operate a mobile trash compaction service in St. Louis, Missouri. Dkt. 1 at 1, 4. The Vosses later believed that they had been fraudulently induced to enter that franchise agreement based on materially false information Smash provided in its 2019 and 2020 financial disclosure documents ("FDDs"),

1

including the financial performance representations contained in Item 19 of the FDDs.  Dkt. 1 at 1–2, 5–7; dkt. 29 at 5.  The Vosses then filed for arbitration with the American Arbitration Association, alleging fraud and other claims.  Dkt. 1 at 2; dkt. 29 at 5.

The Arbitrator entered a scheduling order in February 2023 requiring that the parties disclose the information of any individual "likely to have discoverable information" by March 15, 2023; request discovery subpoenas by June 30, 2023; and request subpoenas for witnesses to attend the hearing by October 1, 2023.  Dkt. 28-4 at 4.  This schedule was later modified to extend the disclosure deadline to May 1, and the discovery subpoena deadline to August 15.  Dkt. 30-4 at 1.

In October 2023, while the arbitration between Smash and the Vosses was pending, Smash sued its former attorney, Jonathan Barber, and his law firm for legal malpractice stemming from Mr. Barber's "advice with respect to the drafting and contents of Smash's FDD," including Item 19 that the Vosses relied on in their claim against Smash.  Dkt. 1-6 at 5.  In contrast, Smash's CEO Justin Haskin had previously testified in another arbitration proceeding that "he himself developed the figures set forth in Item 19." Dkt. 1 at 3; dkt. 28-6 at 15.  Smash had not included Mr. Barber on its disclosure of individuals with discoverable information, though the Vosses did include Mr. Barber on their own disclosure list.  See dkt. 28-3; dkt. 35-3.

The Vosses learned of the lawsuit against Mr. Barber on November 3, 2023, and on November 16, requested dates to depose Mr. Barber.  Dkt. 28-8.

2

On November 20, Smash replied, requesting more information about why the Vosses sought to depose him. *Id.* Counsel for the Vosses immediately responded that Smash was blaming Mr. Barber for the FDD problems, stating "I want to know from Barber where he got the information and what advice he gave." *Id.* Counsel for Smash did not email back.

On December 20, the Vosses requested that the Arbitrator issue a subpoena for Mr. Barber's deposition.[1] Dkt. 30-7; *see* dkt. 30-8. The Arbitrator denied the request the following day, stating that

> I decline that request, on the grounds that it is out of time, by a wide margin, and that Claimants have not established the good cause needed for an extension of the deadlines upon which the parties agreed and that were accordingly included in the Preliminary Hearing and Scheduling Order (the Scheduling Order).

Dkt. 30-9.

On January 22, 2024, the parties exchanged prehearing briefs and the final hearing took place January 29 through February 2, 2024. Dkt. 31 at 5-6.

On March 26, 2024, the Arbitrator issued the final Award of Arbitrator, finding in favor of Smash on the Vosses' fraud claim, and in favor of the Vosses on Smash's counterclaim. Dkt. 28-10; dkt. 1-2. The Arbitrator did not find either party to be a "Prevailing Party" within the meaning of the franchise agreement, so no party was awarded attorneys' fees, costs, or expenses. Dkt. 28-10 at 3.

---

[1] Mr. Barber resided in North Carolina, so he could not be compelled to testify at the hearing in Chicago. *See* dkt. 29 at 2.

The Vosses then brought this action in this Court. Dkt. 1. Their motion sought to vacate the part of the arbitration award that denied their fraud claim against Smash, and to confirm the part of the award that denied Smash's counterclaim against them. *Id.*; dkt. [28].

## II.
## Federal Arbitration Act Review Standard

"Judicial review of arbitration awards is tightly limited." *Standard Sec. Life Ins. Co. of N.Y. v. FCE Benefit Adm'rs, Inc.*, 967 F.3d 667, 671 (7th Cir. 2020) (quoting *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994). "Confirmation is usually routine or summary, and a court will set aside an arbitration award only in very unusual circumstances." *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 522 (7th Cir. 2022). The award will typically be enforced "even if the arbitrator's award contains a serious error of law or fact." *Standard Sec.*, 967 F.3d at 671.

## III.
## Analysis

As relevant in this case, a district court may vacate an arbitration award:

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Vosses argue that the Award should be vacated under § 10(a)(3) because of the Arbitrator's refusal to issue a subpoena for Mr. Barber's deposition. They argue that the Award should be vacated under § 10(a)(4) because the Arbitrator concluded that the Vosses abandoned their breach of contract claim. The Court addresses each argument in turn.

### A. The arbitrator's denial of the Vosses's request for a subpoena to take the prehearing deposition of Mr. Barber

Section 10(a)(3) of the FAA allows vacatur of an arbitration award where an arbitrator is "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy" or "of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). This clause applies "only [to] misbehavior by the arbitrator" and "does not provide for substantive review of an arbitrator's decisions." *Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, 876 F.3d 900, 902 (7th Cir. 2017). Instead, "[o]n procedural and evidentiary matters, federal courts defer to arbitrators' decisions so long as those decisions are reasonable." *Bartlit Beck*, 25 F.4th at 522. An arbitrator's decision is "reasonable" when there is any reasonable basis for the decision. *Id.* at 524. Therefore, to warrant vacatur, the arbitrator's decision must have been so unreasonable as to deny a party a "fundamentally fair proceeding." *Id.*; *see Mical v. Glick*, 58 F. App'x 568, 570 (7th Cir. 2014). Section 10(a)(3) does not apply if an arbitrator merely makes a mistake of law or fact, as "an error differs in kind from misbehavior." *Hyatt*, 876 F.3d at 902.

5

1.   **The issuance of the subpoena**

On December 20, the Vosses asked the Arbitrator to issue a subpoena for the prehearing deposition of Mr. Barber. Dkt. 30-8 at 5. After he "considered the proposed subpoena, the arguments of [Smash], the arguments [of the Vosses], and the cases that the parties cited," the Arbitrator declined to issue "a subpoena for the discovery deposition of Jonathon Barber." Dkt. 30-9. In support of his decision, the Arbitrator explained that the Vosses' request was untimely and that the Vosses had "not established the good cause needed for an extension of the deadlines." Dkt. 30-9.

The Vosses do not dispute that their request was untimely under the Arbitrator's Scheduling Order, but argue that the decision not to allow Mr. Barber's deposition was nonetheless unreasonable, prejudicial, and deprived them of a fair hearing. Dkt. 29 at 12-14. At bottom, they argue that "the decisions of the Arbitrator in refusing to allow the deposition of Mr. Barber and allowing the testimony of Mr. Perossa amounted to denial of a fair proceeding to the Vosses." Dkt. 29 at 12. They further argue that "the decision not to allow the deposition was unreasonable and, frankly, an abuse of the Arbitrator's discretion." *Id.* at 13. They contend that "the Arbitrator failed to apply the appropriate standards for consideration of whether to extend the discovery deadlines." *Id.* at 14. Anticipating that Smash would rely on the Seventh Circuit's holding in *Hyatt*—where the Court held that § 10(a)(3) only reaches hearing conduct, not discovery—in support of its position that the

6

Arbitrator's award should not disturbed, the Vosses additionally argue that *Hyatt* is not controlling. Dkt. 29 at 13–14.

The merits of the Arbitrator's decision will not be reviewed so long as it was reasonable. *Hyatt*, 876 F.3d at 902. Here, the Arbitrator denied the Vosses' request for a subpoena to take the prehearing deposition of Mr. Barber because their request was untimely, and they hadn't shown good cause. Dkt. 30-9. The record shows that the Arbitrator made this decision based on his considerations of the Scheduling Order, the parties' arguments, and relevant case law—it was therefore a reasonable decision. *See id*; *Bartlit Beck*, 25 F.4th at 522. And because the decision was reasonable, the Court defers to the Arbitrator's decision. *Bartlit Beck*, 25 F.4th at 522.

The Court therefore need not resolve the parties' dispute as whether the Vosses' request for a subpoena should be charactered as a discovery deposition or a deposition to preserve testimony for use at trial. Regardless of the nature of the request, the crux of the Vosses' argument is that the Arbitrator erred when he denied their request. And an arbitrator's legal or factual errors are not grounds for relief under § 10(a)(3). *See Hyatt*, 876 F.3d at 902. The same reason applies to the Vosses' contention that the Arbitrator applied the wrong standard in determining whether there was good cause to extend the discovery deadline. Dkt. 29 at 14-17 (describing and applying the six "*Webber* factors" that courts are to consider when deciding whether discovery deadlines should be extended). Section 10(a)(3) supplies a remedy for an arbitrator's misconduct, not a path to judicial review of an arbitrator's alleged case

7

management and/or evidentiary errors.  *See Hyatt*, 876 F.3d at 902.  So, any mistake the Arbitrator may have made in deciding whether to extend the deadline would be outside of the scope of judicial review of arbitration proceedings and not a basis for vacatur.  *See Hyatt*, 876 F.3d at 902.

### 2. Material and pertinent evidence

The Vosses next argue that the Arbitrator's denial of their request to take the prehearing deposition of Mr. Barber effectively denied them of the right to call Mr. Barber as a witness at the hearing and was highly prejudicial as it impacted the Arbitrator's decision on the merits of their fraud claim.  Dkt. 29 at 17; dkt. 21 n.7.  More specifically, they argue that the Arbitrator would have found in their favor on their fraud claim if they had been able to obtain and admit Mr. Barber's testimony.  *Id.* at 20; dkt. 29 at 24-27.

An arbitrator must provide a fundamentally fair hearing.  *Bartlit Beck*, 25 F.4th at 522–24; *see* 9 U.S.C. § 10(a)(3).  A hearing is not fundamentally fair if an arbitrator refuses to hear evidence "pertinent and material to the controversy" or engages in "other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(3).  This means an arbitrator "must merely give each of the parties to the dispute an adequate opportunity to present its evidence and arguments" and "is not bound to hear all of the evidence tendered by the parties."  *Slaney v. Intern. Amateur Athletic Fed'n*, 244 F.3d 580, 592–93 (7th Cir. 2001); *Mical v. Glick*, 581 F. App'x 568, 570 (7th Cir. 2014) (explaining that the "fundamentally unfair hearing" standard

8

"typically is met only when an arbitrator wrongly excludes the sole evidence on a pivotal issue").

Here, the Vosses argue that Mr. Barber's testimony was essential to their fraud allegation because it would have impugned Mr. Haskin's credibility and affected the Arbitrator's decision on whether the doctrine of collateral estoppel applied. Dkt. 29 at 18–24. But the Vosses' argument is speculative—they do not know what the substance of Mr. Barber's testimony would have been. Dkt. 29 at 20 ("Of course, we may never know to what Mr. Barber would have testified or the effect his testimony would have on the Arbitrator's view of Mr. Haskin's credibility, but that is precisely the point."). They never made a proffer or offer of proof as to what Mr. Barber's testimony would show. *See EuroChem Trading USA Corp. v. Ganske*, 2019 WL 2929760, at *5 (W.D. Wis. July 18, 2019) (The party "does not proffer what additional evidence it would have presented at an evidentiary hearing if one had been held" so no basis for vacatur); *Equitas Disability Advocates, LLC v. Daley, Debofsky & Bryant, P.C.*, 177 F.Supp.3d 197, 217 (D.D.C. 2016).

And while the Vosses contend that Mr. Barber's testimony may have affected the Arbitrator's decision to credit Mr. Haskin's testimony, the Arbitrator specifically stated that the aspect of Mr. Barber's involvement was "but a small part of [the] totality of the evidence" that supported his finding of lack of scienter on Mr. Haskin's part. *See* dkt. 1-2 at 5. Moreover, the Arbitrator found that the Vosses failed to meet the other elements of a fraud claim. *Id.* at 5–7. So even if Mr. Barber's testimony had affected Mr. Haskin's

9

credibility and the Arbitrator's evaluation of the scienter element, Smash would have still prevailed on the fraud claim. *Id.* Similarly, the Vosses contend that Mr. Barber's testimony would have affected the Arbitrator's decision regarding collateral estoppel and the prior arbitration involving Smash. Dkt. 29 at 21. But the Arbitrator determined that collateral estoppel wasn't applicable because this arbitration involved new and different evidence than in the prior arbitration, including the 2020 FDD—something that Mr. Barber's testimony could not have changed. Dkt. 1-2 at 5–7. The Vosses therefore cannot show that Mr. Barber's testimony was "pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).

    Moreover, the record demonstrates that the Vosses were able to substantially present their "evidence and arguments," *Slaney*, 244 F.3d at 592–93, in support of their fraud claim, including arguments about Mr. Barber's role. *See* dkt. 35 at 7; *see also* 28-10 at 5 (Arbitrator discussing collateral estoppel and the fraud claim in the Final Award); dkt. 30-10 (the Vosses' pretrial memorandum); dkt. 30-17 (the Vosses' post-hearing brief); dkt. 35-11 (emails between counsel and the Arbitrator addressing Mr. Barber's role). Indeed, the Vosses do not contend that they were unable to present evidence or arguments without Mr. Barber's testimony—only that Mr. Barber's testimony may have helped bolster their claims. *See* dkt. 29 at 20. But again, the substance of Mr. Barber's testimony is speculative, so this is insufficient to make a showing that the Vosses were deprived of a fundamentally fair hearing. *See Slaney*, 244 F.3d at 592–93; *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d

10

1123, 1130 (7th Cir. 1997); *Nosbaum v. J.P. Morgan Sec. LLC,* 2018 WL 3626112, at *4–6 (N.D. Ill. July 30, 2018).

In sum, the Vosses have not shown that the Arbitrator engaged in misconduct by refusing to issue a subpoena for Mr. Barber or that the exclusion of Mr. Barber's testimony deprived them of a fundamentally fair hearing, so the motion to vacate under § 10(a)(3) is **denied**.

### B. Section 10(a)(4) and the breach of contract claim

Section 10(a)(4) of the FAA allows for vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Vosses briefly argue that the Award should be vacated under § 10(a)(4) because the Arbitrator found that the Vosses abandoned their breach of contract claim. Dkt. 29 at 27; dkt. 28-10 at 2. The Vosses contend that this conclusion was incorrect, as they introduced testimony and expert reports that mentioned breach of contract and fraud allegations at the hearing. Dkt. 29 at 28. Smash responds that the Arbitrator correctly determined that the Vosses abandoned their claim, noting that it raised the abandonment issue in its post-hearing brief. Dkt. 31 at 19; dkt. 30-15 at 31.

"A party seeking relief under [§ 10(a)(4)] bears a heavy burden." *Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 569 (2013). Typically, vacatur under § 10(a)(4) is appropriate only when the arbitrator acts "outside the scope of his contractually delegated authority." *Id.* Here, the Vosses argue that the Arbitrator failed to rule on the breach of contract claim by incorrectly finding

11

that they abandoned it.  Dkt. 29 at 28–29.  Smash argues that this is not a basis for vacatur because "neither error nor clear error nor even gross error is a ground for vacating an award."  *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001); *Flexible Mfg. Sys. Pty. Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996).  Smash further argues that regardless, the Arbitrator did not err in concluding that the Vosses abandoned their breach of contract claim.  The Vosses did not mention that claim in their pre-hearing brief, during the hearing, and did not respond to Smash's contention in its post-hearing brief that they abandoned that claim.  Dkt. 31 at 18–19; *see* dkt. 30-10; dkt. 30-15.

In sum, the Vosses have not shown that the Arbitrator's conclusion that they had abandoned their breach claim, even if mistaken, would fall within the scope of § 10(a)(4) and justify vacatur of the Award.[2]

## IV.
## Conclusion

The Vosses' motion to vacate in part and confirm in part the arbitration award is **DENIED in part** and **GRANTED in part**.  Dkt. [28].  The Award is confirmed in its entirety.

The parties' briefing is sufficient to allow the Court to rule on the motion

---

[2] In its response brief, Smash briefly claims that it is entitled to an award of attorneys' fees and costs incurred under Section 17.6 of the franchise agreement.  Dkt. 31 at 19–20.   Local Rule 7-1(a) instructs parties to file motions separately, not within a brief, response, or reply.  L. R. 7-1(a), *see also* L. R. 7-1(g).  As there is no motion for fees properly before the Court, the Court declines to address the issue of attorney's fees in this order.

12

to vacate, so the Vosses' motion for oral argument is **DENIED.** Dkt. [36].

      Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 8/20/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel